IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-470-D

| | |
|---|---|
| JOSEPH M. CHERRY, II, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICER SHAWN SPENCE, in his official ) | |
| capacity, OFFICER ERIN ELEMER, in her ) | |
| official capacity, and THE CITY OF ) | |
| HENDERSON POLICE DEPARTMENT, ) | |
| ) | |
| Defendants. ) | |

Defendants Officer Shawn Spence ("Spence"), Officer Erin Ellerman ("Ellerman"),[1] and the City of Henderson, North Carolina ("City")[2] (collectively, "defendants") move to dismiss plaintiff Joseph M. Cherry, II's ("Cherry" or "plaintiff") complaint on multiple grounds under Federal Rule of Civil Procedure 12(b). Because plaintiff did not properly serve process on any of the defendants he purported to sue, defendants' motion to dismiss is granted.

I.

On November 26, 2007, plaintiff filed a pro se complaint. Plaintiff purported to sue Officer Spence in his official capacity, Officer "Erin Elemer" in her official capacity, and the Henderson Police Department. See Compl. 1 & ¶ III. Plaintiff's complaint arises from a traffic stop conducted in October 2007, near Henderson, North Carolina, in which the defendant officers stopped plaintiff for speeding and then searched plaintiff's car after their drug-sniffing dog alerted to the scent of

---

[1] Plaintiff improperly sued "Officer Erin Elemer" of the Henderson, North Carolina Police Department. The court refers to Officer Ellerman by her real name.

[2] Plaintiff improperly sued the "City of Henderson Police Department." The Henderson Police Department is a division of the City of Henderson, and court refers to this entity as the City.

drugs. See Compl. ¶ IV. Plaintiff argues that the officers did not have probable cause to search his car, and that the search violated his Fourth Amendment rights. Id. ¶ V. Plaintiff requests damages of $3,500,000.00, additional damages for repairs to the car resulting from the search, and costs and fees. Id. ¶ VI.

Plaintiff attempted to serve the complaint by faxing the first page (and only the first page) of the complaint to the Henderson Police Department. Keith L. Sidwell Aff. ¶ 3. The Henderson Police Department is a division of the City, not an independent legal entity. Id. ¶ 1. The Chief of Police for the City of Henderson forwarded the page to the Henderson city attorney; however, neither the Henderson Police Department nor the City have a practice or procedure of accepting service by fax. Id. ¶ 4. Further, although plaintiff attempted to sue Officer "Erin Elemer," the officer who conducted plaintiff's traffic stop was Officer Erin Ellerman. See Erin Ellerman Aff. ¶¶ 2–3. None of the defendants have been properly served with a summons and a copy of the complaint. See id. ¶ 4; Shawn Spence Aff. ¶ 3; Sidwell Aff. ¶ 4.

On February 6, 2008, defendants moved to dismiss this action for lack of personal jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief may be granted. See Defs.' Mot. to Dismiss 1 (citing Fed. R. Civ. P. 12(b)(2), (4)–(6)). Plaintiff did not respond to defendants' motion, and the court's attempts to contact plaintiff at his record address have been returned as unclaimed or rejected as undeliverable. See Cherry v. Spence, No. 5:07-CV-470-D, [D.E. 12] (E.D.N.C. Jan. 18, 2008) (copy of envelope returned as unclaimed); id., [D.E. 17-2] (E.D.N.C. Feb. 6, 2008) (copy of envelope rejected as undeliverable).

II.

Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within

2

the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Further, "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time" unless the plaintiff shows good cause for the failure to make service. Fed. R. Civ. P. 4(m). "Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998).

Defendants move to dismiss pursuant to, inter alia, Federal Rules of Civil Procedure 12(b)(2), 12(b)(4), and 12(b)(5). Defs.' Mot. to Dismiss 1. Rule 12(b)(2) provides for dismissal due to a lack of personal jurisdiction over the defendant(s). Rule 12(b)(4) provides for dismissal for insufficient process. Rule 12(b)(5) provides for dismissal for insufficient service of process. Here, plaintiff attempted to serve all the defendants collectively by faxing only the first page of his complaint to the Henderson Police Department, without any summons. This attempt at service is insufficient under the Federal Rules for numerous reasons.

First, plaintiff did not provide defendants the proper documents to complete service of process. Under Federal Rule of Civil Procedure 4(c)(1), "[a] summons must be served with a copy of the complaint." Each defendant is entitled to a summons or a copy thereof, Fed. R. Civ. P. 4(b), and service of a complaint without a summons is improper. See, e.g., 4A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1093 (3d ed. 2002 & Supp. 2007) (collecting cases). Here, plaintiff attempted to complete service by faxing only the first page of his complaint, without a summons, and he thus failed to complete service.

Further, even if plaintiff had attached a summons, he did not provide the defendants a copy of the complaint. Service of a partial complaint is insufficient. See, e.g., Patterson v. Brown, No.

3

3:06cv476, 2008 WL 219965, at *9–*11 (W.D.N.C. Jan. 24, 2008) (unpublished) (service insufficient where 16 out of 39 pages were missing from complaint). This rule is important, because a defendant is required to admit or deny each allegation contained in the complaint, and where a defendant fails to clearly deny an allegation, he is deemed to have admitted it. See Fed. R. Civ. P. 8(b). The defendants cannot admit or deny each allegation in the complaint when they only possess one page of it.

Second, even if plaintiff had provided proper documents, he cannot serve the various defendants collectively by faxing one page of his complaint to the police department. "Each defendant, whether there be one or many, and whether they be members of the same family or strangers, must be served as provided by statute or rule." Gant v. Kant, 314 F. Supp. 2d 532, 533 (D. Md. 2004). Even if all the defendants have some association with the Henderson Police Department, plaintiff still must serve each defendant individually, unless one defendant is authorized to accept service for another. See id. Here, the Henderson Police Department is not an independent legal entity; it is a division of the City of Henderson, North Carolina.[3] Sidwell Aff. ¶ 2. It is not an agent authorized to accept service on behalf of the City of Henderson. See id. ¶ 4 ("No one with authority to receive Summons and Complaints has received or signed for [a] Summons or Complaint in this case."). Nor is the Henderson Police Department or the City of Henderson authorized to accept service on behalf of Spence or Ellerman. See Spence Aff. ¶ 3 ("I have not authorized anyone to accept or waive service of the Summons and Complaint on my behalf in this action."); Ellerman Aff. ¶ 3 (same).

Third, and finally, even if plaintiff had provided defendants the proper documents and could

---

[3] Accordingly, plaintiff did not even sue the correct defendant.

4

serve the various defendants collectively, process may not be served by facsimile. A federal plaintiff may serve process on an individual by handing a summons and complaint to the individual personally, by leaving a summons and complaint at the individual's house or other place of abode, by serving the individual's authorized agent, or by serving the individual in compliance with the law of the state where the federal court is located. Fed. R. Civ. P. 4(e). Service by facsimile does not fit into any of the first three categories, and "[North Carolina Rule of Civil Procedure 4(j)(1)] is clear and unambiguous as to the manner for effecting service of process; it does not provide for service by facsimile." Gant, 314 F. Supp. 2d at 533.

Similarly, a federal plaintiff may serve process on a local government by delivering a copy of the summons and complaint to its chief executive officer, or by serving the local government in compliance with the law of the state where the federal court is located. Fed. R. Civ. P. 4(j)(2). Neither the Henderson Police Department nor the two individual officers are the chief executive officer of the City of Henderson, and plaintiff similarly did not comply with North Carolina's rules for serving process on a city. See N.C. R. Civ. P. 4(j)(5)(a) (process may be served on a city by personally delivering the summons and complaint to the city's "mayor, city manager or clerk," or by sending the summons and complaint through the postal service or a private equivalent thereof addressed to the city's mayor, manager, or clerk and obtaining a return receipt).

Accordingly, plaintiff did not complete service of process on any of the defendants. Giving plaintiff the benefit of the date listed on the court's docket sheet, plaintiff filed his complaint on November 26, 2007. Because plaintiff has not effected service of process on any defendant nor offered any explanation for his failure to do so, and because 120 days have passed since plaintiff filed his complaint, plaintiff's action is dismissed without prejudice against all defendants. See Fed. R. Civ. P. 4(m) & 6(a).

5

III.

For the reasons stated above, this action is DISMISSED without prejudice against all defendants.

SO ORDERED. This _2_ day of April 2008.

                                              JAMES C. DEVER III
                                              United States District Judge